IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. CAMPBELL,              )
                                 )
                                 )
        Plaintiff,               )
                                 )
    v.                           )   Civil Action No. 06-871
                                 )
STATE FARM MUTUAL AUTOMOBILE     )
INSURANCE COMPANY,               )
                                 )
        Defendant.               )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                  December 18, 2006

This is an action for declaratory judgment and bad faith. Plaintiff, Thomas E. Campbell, was a passenger in an automobile and was injured in a single car accident. Plaintiff alleges that the driver, Robin E. Heathcock, was an insured of defendant, State Farm Mutual Automobile Insurance Company. On June 1, 2006, plaintiff filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania. On June 30, 2006, defendant removed the case to this court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has filed a motion to remand. Plaintiff contends that this action is a direct action against an insurance company and, thus, is non-removable under 28 U.S.C. § 1332(c)(1). For the reasons set forth below, plaintiff's motion is denied.

I.   BACKGROUND

On June 1, 2002, plaintiff, Thomas E. Campbell was injured in an automobile accident. At the time of his injury, plaintiff was a passenger in a 1993 Dodge Dakota truck driven by Robin Heathcock. Thereafter, plaintiff instituted a civil action in the Court of Common Pleas of Westmoreland County, Pennsylvania, against Mr. Heathcock, seeking money damages for his injuries. On February 25, 2005, default judgment was entered for plaintiff and against Mr. Heathcock. On August 10, 2005, a non-jury trial on the issue of damages was held before the Court of Common Pleas of Westmoreland County. Plaintiff was awarded $137,569.74. The court entered judgment in that amount on November 15, 2005. Plaintiff now contends that, by virtue of Mr. Heathcock's policy of automobile insurance issued by defendant, defendant is liable for the state court judgment. Plaintiff also contends that he is now a judgment creditor of Mr. Heathcock. Plaintiff further alleges that he obtained from Mr. Heathcock an assignment of his rights against defendant.

Plaintiff filed a two count complaint against defendant seeking: (1) a declaration the automobile insurance policy defendant issued to Mr. Heathcock was in effect at the time of the accident and that defendant is liable to plaintiff in the amount of the state court default judgment; and (2) money damages for bad faith pursuant to 42 Pa.C.S. § 8371. Defendant timely

removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff has now filed a motion to remand and argues that, pursuant to 28 U.S.C. § 1332(c)(1), this action is a direct action against an insurer. Thus, plaintiff argues, the citizenship of the insured must be imputed to the insurer for diversity jurisdiction purposes. Since he and Mr. Heathcock are Pennsylvania residents, plaintiff argues, there is no diversity of citizenship and the matter must be remanded to state court.

II. DISCUSSION

28 U.S.C. § 1332(c)(1) provides:

> A corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of any liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).

Plaintiff contends that this is a direct action as set forth in Section 1332(c)(1). Thus, plaintiff argues, since plaintiff and Mr. Heathcock are Pennsylvania residents, remand is appropriate. Defendant contends that 28 U.S.C. § 1332(c)(1) is not applicable because plaintiff has not, and could not under

3

Pennsylvania law, bring a direct action against defendant. The court agrees.

The Court of Appeals for the Third Circuit has noted that "a 'direct action,' as that term is used in § 1332(c), does not exist unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." McGlinchey v. Hartford Acc. and Indem. Co., 866 F.3d 651, 653 (3d Cir. 1989)(citations and internal quotations omitted). Defendant correctly notes that, in the absence of a statutory or policy provision to the contrary, Pennsylvania law does not authorize injured parties to file direct actions against their tortfeasor's insurance company. Bell v. Slezak, 571 A.2d 566, 573 (Pa. 2002).

Here, plaintiff seeks a declaratory judgment that the policy of insurance defendant issued to Mr. Heathcock was in force. Plaintiff also seeks, on his own behalf and on behalf of Mr. Heathcock, damages for bad faith. These are not causes of action plaintiff could have asserted directly against Mr. Heathcock. Rather, plaintiff's complaint is more properly characterized as plaintiff bringing Mr. Heathcock's claims against defendant. It is well established that an insured's suit against his insurance company is not a direct action under Section 1332(c)(1). McGlinchey, 866 F.2d at 653.

Accordingly, upon consideration of plaintiff's motion to remand [doc. no. 3], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record